IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Mark W., <br><br>  Plaintiffs, <br>v. <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br>  Defendant. | MEMORANDUM DECISION AND ORDER <br><br> Case No. 2:21-cv-0052-DBP <br><br> Chief Magistrate Judge Dustin B. Pead |

Plaintiff Mark W, seeks judicial review of the Commissioner's decision denying his claim for disability insurance benefits under Title II of the Social Security Act. For the reasons set forth herein, the court reverses and remands the Commissioner's decision by a narrow margin.[1]

## BACKGROUND

Plaintiff filed an application for Disability and Disability Insurance Benefits on August 1, 2017, alleging he was no longer able to work. Mr. W was 58 years old on the alleged disability date. Plaintiff alleges disability due to multiple impairments, including congestive heart failure, diabetes, obesity, fatty liver, hypothyroidism, hypertension, degenerative disc disease of the lumbar spine, and incisional hernia. (Tr. 12-13).[2]

---

[1] The parties consented to proceed before the undersigned in accordance with 28 U.S.C. § 636(b)(1)(c). (ECF No. 21.)

[2] Tr. refers to the transcript of the proceedings in this matter.

The ALJ issued a decision following the regulatory five-step sequential evaluation process used in Social Security cases in determining Plaintiff was not disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920. The ALJ found that Plaintiff had the following severe impairments: congestive heart failure, diabetes, and obesity. (Tr. 12). The ALJ further found, however, that Plaintiff's impairments either alone or in combination, did not meet the severity of a listed impairment. (Tr. 14). The ALJ determined that Plaintiff has the residual functional capacity to perform light work[3] with the exception that he can only "stand and walk for a combined four hours per shift," "perform all other postural activities occasionally," and can "never climb ladders." The ALJ relied on vocational expert testimony in determining at step four that Plaintiff was capable of performing past relevant work as a dental ceramics technician. (Tr. 19)

In accordance with these findings, the ALJ found Plaintiff not disabled within the meaning of the Act. The Appeals Council declined to review this decision. Thereby rendering the ALJ's decision the Commissioner's final administrative decision for purposes of judicial review. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003); 20 C.F.R. § 416.1481. This court has jurisdiction under 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citations omitted). The Commissioner's finding, "if supported by substantial evidence, shall be

---

[3] These limitations include, "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 CFR 404.1567(b)

conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citations omitted). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In the context of a social security appeal, "the threshold for such evidentiary sufficiency is not high." *Id.* "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citations omitted). Finally, the court "examine[s] the record as a whole, including whatever in the record fairly detracts from the weight of the [ALJ's] decision and, on that basis, determine[s] if the substantiality of the evidence test has been met." *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994) (quotations and citations omitted.)

An impairment is "not severe" when the "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work." *Bowen v. Yuckert*, 482 U.S. 137, 154 n. 12 (1987). The Tenth Circuit has held that certain minor errors are not enough to "undermine confidence in the determination of the case" and do not constitute reversible error. *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).

## DISCUSSION

The ALJ found at step four that Mr. W is able to perform his past relevant work as a dental ceramist technician. *See* 20 CFR 404.1520(f). On appeal, Plaintiff asserts two areas of error in the ALJ's decision.

1. Whether the ALJ erred by incorrectly extrapolating from the vocational expert's testimony about the job of dental ceramist assistant in determining Plaintiff's ability to do past relevant work as a dental ceramics technician.

2. Whether the ALJ erred by choosing not to rely on limitations suggested by Dr. Edward Miner to avoid exposure to environmental hazards that could affect Plaintiff's heart. (TR 17-18, 513, Exhibit 16F).

## I. The ALJ Erred in Relying on the Vocational Expert Testimony

Plaintiff argues the ALJ incorrectly relied on the Vocational Expert's (VE) testimony about the Dental Ceramist Assistant job to find that he could do his past work as a Dental Ceramics Technician. In support Plaintiff cites to the VE testimony before the ALJ. The ALJ asked the VE to identify Plaintiff's past work. In addition to work as a roofer, the VE identified Plaintiff's work as a "dental ceramist technician, which is the DOT code 712.381-042."[4] (Tr. 68). The Administrative Judge was concerned with testimony that this job had become obsolete and asked the vocational expert about its viability.

> ALJ: ". . .So if a person had the skill to make dental ceramics not using the current technology, could such a person who had been out of the field for nine years go into the field now and be hired immediately?"
> VE: "No. There has been technology changes that would require some learning."
> ALJ: "Okay. But in theory, you know, they would have a leg up, at least, if they could get an entry-level job in such a field. Would that be fair to say?
> VE: "No."

---

[4] The DOT describes a Dental Ceramics Technician as: "Applies layers of porcelain or acrylic paste over metal framework to form dental prostheses, such as crowns, bridges, and tooth facings, according to prescription of DENTIST (medical ser.) 072.101-010: Mixes porcelain or acrylic paste according to prescription to match color of natural teeth. Applies layers of mixture over metal framework, using brushes and spatula. Brushes excess mixture from denture and places denture in furnace to harden. Removes denture from furnace, brushes on additional layer of mixture, and shapes mixture to contour of denture, using spatula. Repeats mixture-application process and baking until denture conforms to specifications. Verifies accuracy of tooth dimensions and occlusion of teeth, using micrometer and articulator. Cleans and polishes dental prostheses, using ultrasonic machine and polishing machine."

ALJ:   "Are there still jobs as..."
VE:   "No."
ALJ:   "ceramic techs?"
VE:   "There are limited numbers. I didn't look at I was looking at another job, which was an assistant, and there were only less than 3,000 of those. I didn't look up the actual technician. If you'd like me to, I can." (Tr. 69).

Recognizing the VE did not look up information about the dental ceramic technician job, the ALJ then examined the vocational expert about the dental ceramic assistant job,[5] noting a possible transfer of skills.

ALJ:   "Okay. All right. So this gets a little bit fuzzy because in theory, we're talking about essentially the same DOT code here. But to me, this looks like kind of a transfer -- like I've got a transferable skills issue here. Would someone who had the skills of a ceramics technician under the old system have transferable skills to the technician helper-type job under the new system?"
VE:   "Under the new system – well. . ."
ALJ:   "Yeah, of making -- of making ceramics. Or is that not."
VE:   "There are skills that are going to transfer into that assistant-type position. What are there I would imagine that they're still going to be learning as there are new processes in place, so yeah. And with the dental technician, there's only less than 3,000 of those jobs as well."
ALJ:   "Okay. So the tech -- what did you call was it a tech assistant, ceramic tech assistant?"
VE:   "Yeah, so there's a dental ceramist assistant."
ALJ:   "Okay. And what's the DOT code for that? Is it the same code?"
VE:   "It's 712.664-010, and that's a sedentary, six, and then 2,900."
ALJ:   "Okay, approximately 3,000."
VE:   "Mm-hmm."
ALJ:   "And then for the actual techs, there's only about 3,000 of them left as well?"
VE:   "Yes." (Tr. 70-71).

---

[5] DOT 712.664-010, Dental ceramist assistant work defined as, "Performs any combination of following tasks to assist DENTAL CERAMIST (protective dev.) 712.381-042 in molding dental prostheses, such as crowns, bridges, and tooth facings: Brushes liquid separating solution on tip of tooth die and covers die with wax sheet. Invests wax impressions in plaster molds, and inserts mold in furnace to melt wax. Positions mold in casting machine to cast metal framework. Removes metal framework from mold, using sandblasting equipment or hammer. Smooths rough spots from framework, using abrasive grinding wheel. Mixes porcelain or acrylic resin solution to match color of natural teeth, under direction of DENTAL CERAMIST (protective dev.). Fills wax impression of tooth with graphite solution, plates impression in electroplating machine, removes die (plated impression) from electroplating machine, and applies acrylic resin to base of die, using spatula, to fabricate copper dies for dentures."

The ALJ then applied Plaintiff's RFC to the dental assistant job through hypotheticals, but not his past relevant work as a technician. (Tr. 72-74). The ALJ asked the vocational expert whether someone with Plaintiff's RFC could perform the duties of a dental ceramics assistant. (Tr. 72). The vocational expert said yes. (Tr. 72). However, the ALJ then asked whether the same individual who needed extra breaks and thus was either off task for 12 to 15% of the workday or had to miss work three times per month would be able to sustain employment as a dental ceramic assistant to which the vocation expert responded that he would not. (Tr. 73-74).

The Commissioner does not deny that the ALJ conflated the testimony about the technician and assistant positions. Rather, the Commissioner argues that the ALJ's finding is supported by substantial evidence and that the conflation is irrelevant because the two jobs are extremely similar. The court disagrees. The ALJ specifically focused on a transferability of skills from the past Technician position to an Assistant position. This analysis is suited for step five of the sequential analysis but not the basis for step four. *See* 20 C.F.R. § 404.1520 ("At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. …. At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled."). The Commissioner's reliance on *Andrade v. Sec'y of Health & Hum. Servs.*, 985 F.2d 1045 (10th Cir. 1993) is misplaced based on the differences in this case.

In *Andrade*, the issue involved whether the ALJ correctly categorized the claimant's occupation as a general contractor. *See id.* at 1021. The claimant argued that the occupational category must reflect the actual demands of his past work, which included plumbing and carpentry. The Tenth Circuit rejected this argument noting that a claimant must show that "the

6

duties of his prior job were sufficiently distinct from the duties of a [general contractor] as described in the Dictionary to constitute a different line of work." *Id.* at 1052 (citation omitted).

Here, the record indicates the VE did not focus on Mr. W's past line of work as a dental technician because of advances in technology. Instead, the VE and the ALJ, moved to consider an Assistant position, that given the testimony, likely would require updated training for Mr. W. The ALJ noted the transferability of skills, which is best considered at step five. Transferability of skills was not part of the claimant's argument in *Andrade*. Moreover, if the court were to adopt the Commissioner's approach, step four and step five of the required sequential evaluation process would for practical purposes, be merged, which is impermissible under the regulations. Such a result would also increase confusion concerning the respective burdens between a claimant and the Commissioner that are part of the sequential evaluation process.

Thus, the court concludes by a narrow margin that the ALJ's decision is not supported by substantial evidence.

### II. The ALJ did not err in considering the opinion of Dr. Edward Miner

Because Plaintiff applied for benefits after March 27, 2017, revised regulations apply to the ALJ's analysis. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844 (Jan 18, 2017). The revised standards eliminate any hierarchy among the medical opinions and give no deference to any opinion like that under the prior treating physician rule. See 20 C.F.R. § 404.1520c ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources.").

Under the new regulations, the most important focus is on the "persuasiveness of medical opinions and prior administrative findings", supportability, and consistency. *Id.* The regulations

state that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id*. "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id*.

Here Plaintiff takes issue with how the ALJ evaluated the opinion of Dr. Miner. Dr. Miner filled out a Cardiac Residual Functional Capacity Questionnaire in which, he opined that due to cardiac issues Plaintiff experienced significant limitations. (Tr. 509-16). The ALJ found Dr. Miner's opinion unpersuasive. Dr. Miner's opinion was unsupported by explanation or rationale within the checkbox form, and undermined by his own treatment notes. The ALJ further considered the consistency of the opinion in regard to other evidence in the record. Plaintiff's arguments fail to challenge the ALJ's consideration of persuasiveness, supportability, and consistency. The court finds no error in the ALJ's evaluation of Dr. Miner's opinion.

## CONCLUSION AND ORDER

On appeal the court is charged with determining whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *See Lax*, 489 F.3d at 1084. On the record before the court, the court concludes the ALJ's decision is not supported by substantial evidence based on the error in relying on the VE testimony about a dental ceramist assistant in finding Plaintiff could perform his past work as a dental ceramics technician. Such an analysis may be proper at step five, but not at step four of

the required regulatory five-step sequential evaluation process. See 20 C.F.R. §§ 404.1520(a), 416.920.

Accordingly, IT IS HEREBY ORDERED that the Commissioner's decision in this case is REVERSED AND REMANDED for further consideration.

DATED this 2 May 2022.

_____
Dustin B. Pead
United States Magistrate Judge